UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:18-cr-546-T-36AEP

18 U.S.C. § 1029(a)(3)

PAVLO KHARMANSKYI
    a/k/a Paul Kharmanskyi,
    a/k/a Pavel Kharmanskyi,
    a/k/a Pavel Harmansky,
    a/k/a Paul Harmansky,

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Possession of Unauthorized Access Devices—18 U.S.C. § 1029(a)(3))**

1.    On or about September 18, 2018, in the Middle District of Florida and elsewhere, the defendant,

PAVLO KHARMANSKYI
a/k/a Paul Kharmanskyi,
a/k/a Pavel Kharmanskyi,
a/k/a Pavel Harmansky,
a/k/a Paul Harmansky,

knowingly and with intent to defraud, possessed and aided and abetted others in the possession of 15 or more unauthorized access devices, that is, the social security numbers of 15 or more Florida residents, said possession affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 1029(a)(3), 1029(c)(1)(A)(i), and 2.

## FORFEITURE

1.     The allegations contained in Count One of this Indictment are incorporated by reference as if fully set forth herein for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

2.     Upon conviction of the violations alleged in this indictment, the defendant,

PAVLO KHARMANSKYI
a/k/a Paul Kharmanskyi,
a/k/a Pavel Kharmanskyi,
a/k/a Pavel Harmansky,
a/k/a Paul Harmansky,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3.     The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offense.

4.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Criminal Division

JOHN T. LYNCH, JR.
Chief, Computer Crime &
Intellectual Property Section
United States Department of Justice

By: _____
Carlton C. Gammons
Assistant United States Attorney

By: _____
Rachel K. Jones
Assistant United States Attorney

By: _____
Laura-Kate Bernstein
Trial Attorney
Computer Crime &
Intellectual Property Section
United States Department of Justice

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security &
Cyber Crimes Section

By: _____
Simon A. Gaugush
Assistant United States Attorney
Deputy Chief, Criminal Division

3

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

### PAVLO KHARMANSKYI
a/k/a Paul Kharmanskyi,
a/k/a Pavel Kharmanskyi,
a/k/a Pavel Harmansky,
a/k/a Paul Harmansky

## INDICTMENT

Violations:   18 U.S.C. § 1029(a)(3)

A true bill,

_____
Foreperson

Filed in open court this 15th day

of November 2018.

_____
Clerk

Bail $_____